# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IN RE: ) <br> ) <br> SHILLINGS' CANNERY, L.L.C., ) <br> ) <br> Debtor and Debtor-In-Possession. ) <br> ) | Case No. 25-00145-ELG <br> Chapter 11, Subchapter V |

## MOTION FOR ENTRY OF INTERIM ORDER (I) AUTHORIZING THE USE OF CASH COLLATERAL, (II) GRANTING ADEQUATE PROTECTION PURSUANT TO 11 U.S.C. §§ 361 AND 363 AND (III) SCHEDULING A FINAL HEARING

Shillings' Cannery, L.L.C., debtor and debtor-in-possession (the "Debtor"), by and through its undersigned counsel, hereby moves the Court for entry of an interim order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361 and 363 and (III) Scheduling a Final Hearing (the "Motion") and, in support thereof, states as follow:

### Jurisdiction

1. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. This is a core proceeding under 28 U.S.C. § 157.

### The Chapter 11 Case

3. On April 22, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code.

4. The Debtor is in possession of his property and the management of his business as a debtor-in-possession pursuant to sections 1107, 1108, 1183 and 1184 of the Bankruptcy Code.

Justin P. Fasano (DC Bar MD21201)
McNamee Hosea, P.A.
6404 Ivy Lane, Suite 820
Greenbelt, MD 20770
(301) 441-2420
jfasano@mhlawyers.com
*Proposed Counsel for Shillings' Cannery, L.L.C.*

5. The Debtor designated itself as a small business debtor and elected to proceed under Subchapter V (the Small Business Reorganization Act of 2020) of Chapter 11.

6. No official committee of unsecured creditors will be appointed pursuant to Bankruptcy Code § 1181(b).

7. The Debtor is a limited liability company organized under the laws of the District of Columbia. The Debtor operates a restaurant located at 360 Water Street, SE, Washington D.C. 20003 d/b/a "Shilling Canning Company."

## Background

8. The Debtor has operated since 2015. The Debtor's annual gross revenues were $1.383 million on 2024 and $1.521 million in 2023.

9. Due to decreasing revenues over time, the Debtor fell behind on rent leading up to the petition date.

10. The Debtor, in an attempt to satisfy its cash flow shortfalls and to remain operational, borrowed money from the Small Business Administration pursuant to an Economic Injury Disaster Loan.

11. The Debtor's future prospects appear promising as workers have returned to the District of Columbia in recent months, increasing its cash flow.

12. The Debtor asserts that it is capable of operating cash flow positively in the short term while attempting to reorganize its debts and has sought the protections of Chapter 11.

13. By this Motion, the Debtor seeks authority to use the cash collateral of the United States Small Business Administration (the "SBA") to pay ordinary and necessary business expenses for the fourteen (14) day period following the Petition Date, or such longer period approved by the Court.

**Secured Debt**

14. On the Petition Date, the Debtor was indebted to the SBA pursuant to an EIDL loan in the amount of approximately $564,000.00 (the "Pre-Petition Indebtedness"), evidenced by, among other things, a promissory note. On or about November 2, 2021, The SBA filed a UCC-1 Financing Statement with the District of Columbia Recorder of Deeds, asserting a first-priority blanket lien on and against all assets of the Debtor (the "Pre-Petition Collateral"). A copy of the original SBA UCC-1 Financing Statement is attached hereto as Exhibit A.

15. In light of the foregoing perfected security interest the SBA is in a first priority position.

**Relief Requested**

16. During this case, the Debtor requires the use of Cash Collateral to meet its ordinary and necessary expenses. The Debtor's accounts are property of the Debtor's estate pursuant to Section 541 of the Bankruptcy Code and constitutes cash collateral within the meaning of Section 363 of the Bankruptcy Code and may be used by the Debtor only with the consent of the Lender or upon an order of the Bankruptcy Court.

17. Rule 4001 of the Federal Rules of Bankruptcy Procedure provides that the Court may commence a final hearing on a motion for authorization to use cash collateral no earlier than fourteen (14) days after the service of the motion. Rule 4001 further provides that, upon request, the Court may conduct a preliminary hearing before such fourteen (14) day period expires to authorize the use of cash collateral as is necessary to avoid immediate and irreparable harm to the estate prior to a final hearing.

18. In order for the Debtor to operate its business, meet its obligations and preserve its property and in order to avoid irreparable harm to the bankruptcy estate, it is necessary for the

Debtor to use its accounts and proceeds of the Pre-Petition Collateral in which the Cash Collateral Lender assert a security interest to pay its ordinary and necessary expenses. A proposed fourteen (14) day budget is attached hereto as **Exhibit B**.

19. The Bankruptcy Code requires "adequate protection" of Lender's security interest in the Debtor's cash collateral. Adequate protection is afforded where operations continue at a break-even level or generate a profit and there is a strong likelihood of reorganization. *See, e.g., In re Xinde Int'l*, 13 B.R. 212 (Bankr. D. Mass. 1981); *In re Grant Broadcasting of Philadelphia, Inc.*, 71 B.R. 376 (Bankr. E.D. Pa. 1987).

20. **NOTICE: YOU ARE HEREBY NOTIFIED THAT MOVANT HAS ALSO FILED A MOTION TO SHORTEN THE TIME FOR RESPONSE AND/OR FOR AN EXPEDITED HEARING. IF THAT MOTION TO SHORTEN OR EXPEDITE IS GRANTED, THE TIME TO OBJECT AND/OR THE DATE FOR ANY HEARING SHALL BE PROVIDED IN SUCH ORDER.**

21. The Debtor seeks an Order that, *inter alia*:

a. Allows the Debtor to use its accounts and rights to payment in which the SBA asserts a security interest to pay those obligations set forth in the budget for a period of approximately fourteen (14) days, or such other time period acceptable to the Court;

b. Grants the SBA, pursuant to Sections 361 and 363(c)(2) of the Bankruptcy Code, adequate protection, retroactive to the Petition Date, of its interest in the Prepetition Collateral, including the cash collateral in an amount equal to the aggregate diminution in value, if any, of such interests from and after the Petition Date;

c. Grants the SBA a replacement lien on the same assets and in the same priority and extent of its Pre-Petition Collateral, if any; and

      d. Requires the Debtor to provide monthly operating reports required by the Office of the United States Trustee (if required during the term of this cash collateral motion), as well as such other periodic financial information that the SBA may reasonably request of the Debtor (in addition to, and not in replacement of, those reporting obligations that the Debtor may have under the prepetition loan documents).

      **WHEREFORE**, the Debtor respectfully request entry of an Order substantially similar to the attached proposed order:

      a. Authorizing the Debtor to use its Cash Collateral in which the SBA asserts a security interest to pay those obligations as set forth in the budget for a period of approximately thirty (30) days, or such other time period acceptable to the Court;

      b. Grants the SBA, pursuant to Sections 361 and 363(c)(2) of the Bankruptcy Code, adequate protection, retroactive to the Petition Date, of its interest in the Pre-Petition Collateral, including the cash collateral in an amount equal to the aggregate diminution in value, if any, of such interests from and after the Petition Date;

      c. Grants the SBA a replacement lien on the same assets and in the same priority and extent of its Pre-Petition Collateral;

      d. Requires the Debtor to provide monthly operating reports required by the Office of the United States Trustee (if required during the term of this cash collateral motion), as well as such other periodic financial information that the SBA may reasonably request of the Debtor (in addition to, and not in replacement of, those reporting obligations that the Debtor may have under the Prepetition Loan Documents); and

      e. Granting such other and further relief as is just and equitable.

Dated:  April 22, 2025 					Respectfully submitted

*/s/ Justin P. Fasano*  
Justin P. Fasano (DC Bar MD21201)  
McNamee Hosea. P.A.  
6404 Ivy Lane, Suite 820  
Greenbelt, MD 20770  
(301) 441-2420  
jfasano@mhlawyers.com  
*Proposed Counsel for Shillings' Cannery, L.L.C*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this April 22, 2025, a true and correct copy of the foregoing Motion for Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361 and 363 and (III) Scheduling a Final Hearing has been furnished by Federal Express, or via electronic transmission to:

Kelly Loeffler
SBA Administrator
U.S. Small Business Administration
409 3rd St. SW
Washington, DC 20416


Edward R. Martin
United States Attorney for the District of Columbia
United States Attorney's Office
601 D Street
Washington, DC 20004

Pam Bondi
Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

And the Debtor's twenty largest creditors

                                        */s/ Justin P. Fasano*
                                        Justin P. Fasano