Katharine I. Toledo
Trial Attorney
Office of United States Trustee
1725 Duke Street, Suite 650
Alexandria, VA 22314
(202)-603-5203
Katharine.I.Toledo@usdoj.gov

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **In re:** | |
| **Shillings' Cannery, L.L.C.,** | Case No. 25-00145-ELG |
| Debtor. | Chapter 11 – Subchapter V |

**U.S. TRUSTEE'S OBJECTION TO DEBTOR'S MOTION TO AUTHORIZE THE CONTINUED USE OF THE DEBTOR'S CASH MANAGEMENT SYSTEMS AND PRE-PETITION BANK ACCOUNTS**

Matthew W. Cheney, the Acting United States Trustee for Region 4 ("the U.S. Trustee"), by and through his undersigned counsel and in furtherance of his administrative responsibilities imposed pursuant to 28 U.S.C. § 586(a) files this objection to the above captioned Debtor's Motion for an Order Pursuant to 11 U.S.C. §§ 345 and 363(c)(1) Authorizing the Continued Use of: (A) The Debtors' Cash Management System, and (B) Bank Accounts (Doc. No. 31). In support thereof, the U.S. Trustee states as follows:

**Background**

1.     Pursuant to 28 U.S.C. § 586(a)(3) and (8), the U.S. Trustee's duties include supervising the administration of chapter 11 cases. The U.S. Trustee files this objection in furtherance of his duties and responsibilities pursuant to 28 U.S.C. § 586 and 11 U.S.C. § 307.

1

2. On April 22, 2025, Shillings' Cannery, L.L.C. ("the Debtor") filed with this Court a voluntary petition for relief under subchapter V of Chapter 11 of Title 11 of the United States Code.

3. As set forth in the Debtor's Motion, the Debtor is a D.C. limited liability company doing business as the restaurant "Shilling Canning Company", operating at 360 Water Street, SE in Washington, D.C. 20003.

4. The Debtor seeks authorization from this Court to maintain all three of its pre-petition bank accounts: two accounts with Atlantic Union Bank and one account with JP Morgan Chase.

5. The Debtor also seeks authorization to continue using wire, debit, and ACH payments.

6. The Debtor also seeks a waiver of the requirements of 11 U.S.C. § 345(b).

**Objection**

7. The U.S. Trustee maintains that the Debtor has not stated any extraordinary or unusual circumstances or other factual or legal justification for the relief requested. Therefore, the U.S. Trustee objects to the continued use of the Debtor's existing bank accounts and forms.

8. Deposits to a debtor-in-possession account ("DIP account") are governed by 11 U.S.C. § 345. Each division of the Office of the U.S. Trustee maintains a list of approved depositories for use in the administration of Chapter 11 cases wherein the depository institutions have agreed to post collateral or a bond to protect uninsured amounts or deposits and to report on a debtor's bank activity on a monthly basis.

9. Atlantic Union Bank is not on the U.S. Trustee's approved depository list for the Alexandria Division, which includes the District of Columbia. Therefore, the U.S. Trustee objects to the continued utilization of the two Atlantic Union Bank accounts.

10. JP Morgan Chase, however, is an approved depository in the Alexandria Division, and therefore the U.S. Trustee has no objection to that account being converted into a DIP account. The U.S. Trustee does, however, object to the continued use of that account if it is not converted into a DIP account.

11. The Debtor's interest in maintaining its two accounts with Atlantic Union Bank ignores the plain requirements of 11 U.S.C. § 345(b), which require all debtors to utilize approved depositories "unless the court for cause orders otherwise." 11 U.S.C. § 345(b). Bankruptcy Courts have found "cause" where a debtor's business is "large and sophisticated, its cash management system […] complex, and it would [be] been costly, time consuming, and risky to transfer the debtors' primary accounts... to another institution." *In re Lodging Enters.*, No. 24-40423, 2024 Bankr. LEXIS 2182 (Bankr. D. Kan. Sept. 18, 2024), at *6-7.

12. In this case, there is nothing complicated about the Debtor's cash management system. Every debtor is required to maintain a DIP account, and countless other debtors have successfully navigated a smooth transition to a DIP account. "The unfortunate reality is that filing a Chapter 11 case comes with unwelcome burdens, some of which may appear nonsensical." *In re Lodging Enters.*, 2024 Bankr. LEXIS 2182, at *9.

13. In addition, the Debtor's argument that requiring the opening of a DIP account would require it to start a new relationship with a new bank is misplaced. The Debtor already maintains an account with JP Morgan Chase and expressed plans to convert (if it has not already) that account into a DIP account. As such, the Debtor would not need to start a new relationship

3

with a new bank; in fact, the Debtor would be able to maintain one of its three prepetition accounts. If the Debtor's goal is to minimize the friction of the transition to a DIP account, it would be able to do so simply by utilizing the JP Morgan Chase account as a DIP account.

14. As there has been no factual or legal justification for the relief requested, the U.S. Trustee objects to the relief requested by the Debtor.

15. The U.S. Trustee reserves the right to supplement this objection as deemed necessary and appropriate and to raise any additional arguments as may become relevant at any hearing held on the Motion.

WHEREFORE, the Acting United States Trustee for Region 4 respectfully requests that the Debtors' Motion be denied, and for such other relief as the Court deems appropriate.

Dated: June 12, 2025

Matthew W. Cheney
Acting United States Trustee, Region 4

*/s/ Katharine Toledo*
Katharine Toledo, D.C. Bar No. 90027591
Trial Attorney
Office of United States Trustee
1725 Duke Street, Suite 650
Alexandria, VA 22314
(202) 603-5203 (Office Cell)
Email: katharine.i.toledo@usdoj.gov

**Certificate of Service**

      I hereby certify that on June 12, 2025, I electronically filed the foregoing Objection with the Clerk of the Court and served it via the Court's CM/ECF system upon all counsel who have entered an appearance in the case:

Kristen S. Eustis Kristen.S.Eustis@usdoj.gov, Robert.W.Ours@usdoj.gov

Justin Philip Fasano jfasano@mhlawyers.com, jfasano@ecf.courtdrive.com; tmackey@mhlawyers.com;cmartin@mhlawyers.com;fasano.justinr92003@notify.bestcase.com

Bradshaw Rost BRost@tspclaw.com

Katharine Toledo katharine.i.toledo@usdoj.gov, Robert.W.Ours@usdoj.gov

U. S. Trustee for Region Four USTPRegion04.DC.ECF@USDOJ.GOV

Jolene E Wee jwee@jw-infinity.com, cjew11@trustesolutions.net

                                        */s/ Robert W. Ours*
                                        Robert W. Ours
                                        Paralegal Specialist