# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IN RE: ) | |
| ) | Case No. 25-00145-ELG |
| SHILLINGS' CANNERY, L.L.C., ) | Chapter 11, Subchapter V |
| ) | |
| Debtor and Debtor-In-Possession. ) | |

### DEBTOR'S MOTION FOR ORDER EXTENDING TIME TO ASSUME
### OR REJECT UNEXPIRED LEASE OF NON-RESIDENTIAL REAL PROPERTY

Shillings' Cannery, L.L.C. ("Shillings'" or the "Debtor"), by counsel, files this *Motion for Order Extending Time to Assume or Reject Unexpired Lease of Non-Residential Real Property* (the "Motion"), and in support thereof states:

### Jurisdiction

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue lies properly in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157.

### The Chapter 11 Case

2. On April 22, 2025 (the "Petition Date"), the Debtor filed with this Court a voluntary petition for relief under subchapter V of chapter 11 of the Bankruptcy Code. The Debtor is continuing in possession of its property and the management of its business as a debtor-in-possession, pursuant to sections 1107, 1108, 1183 and 1184 of the Bankruptcy Code.

### The Debtor And Its Business Operations

3. The Debtor is a limited liability company organized under the laws of the District

---

Justin P. Fasano (DC Bar MD21201)
McNamee Hosea, P.A.
6404 Ivy Lane, Suite 820
Greenbelt, MD 20770
(301) 441-2420
jfasano@mhlawyers.com
*Counsel for Shillings' Cannery, L.L.C*

of Columbia. The Debtor operates a restaurant located at 360 Water Street, SE, Washington D.C. 20003 d/b/a "Shilling Canning Company."

### The Lease

4.  Prior to the Petition Date, the Debtor entered into or otherwise obtained a lease for non-residential real property (the "Lease") with FC 1331, LLC (the "Lessor"). The Lease expires July 31, 2025.

### Relief Requested

5.  The Debtor respectfully requests that the Court grant the Debtor an additional ninety (90) days, through and November 18, 2025, within which to assume or reject the Leases. The Debtor represents that it is current and intends to remain current on its post-petition obligations to the Lessor under the Lease. The Debtor desires additional time to determine whether the assumption of the Lease is feasible and in the best interests of its estate and creditors. Further, the Debtor is discussing with its investors an infusion of cash to make assumption of the lease palatable to the Landlord.

### Basis for Relief Requested

6.  Section 365(d)(4) of the Bankruptcy Code provides:

> (A) Subject to paragraph (B), an unexpired lease of nonresidential real property under which the debtor is the lessee shall be deemed rejected, and the trustee shall immediately surrender that nonresidential real property to the lessor, if the trustee does not assume or reject the unexpired lease by the earlier of —
>
>> (i) the date that is 120 days after the date of the order for relief; or
>> (ii) the date of the entry of an order confirming a plan.
>
> (B)(i) The court may extend the period determined under subparagraph (A), prior to the expiration of the 120-day period, for 90 days on the motion of the trustee or lessor for cause.

2

>  (ii) If the court grants an extension under clause (i), the court may grant a subsequent extension only upon prior written consent of the lessor in each instance.

See 11 U.S.C. § 365(d)(4).

7. The one-hundred and twenty (120) day period following the Petition Date in this case will expire on August 20, 2025.

8. Section 365(a) of the Bankruptcy Code provides that a debtor in possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). The decision to assume or reject an executory contract or unexpired lease is a matter within the "business judgment" of the debtor. See Sharon Steel Corp. v. Nat'l Fuel Gas Dist. Corp., 872 F.2d 36, 39-40 (3d Cir. 1989); Nat'l Labor Relations Board v. Bildisco (In re Bildisco), 682 F.2d 72, 79 (3d Cir. 1982); aff'd Nat'l Labor Relations Board v. Bildisco and Bildisco), 465 U.S. 513 (1984) ("The usual test for rejection of an executory contract is simply whether rejection would benefit the estate, the 'business judgment' test."). The business judgment standard mandates that a court shall approve a debtor's business decision unless the decision is the product of bad faith or gross abuse of discretion. See Lubrizol Enters. Inc. v. Richmond Metal Finishers, Inc., 756 F.2d 1043, 1047 (4th Cir. 1985), cert. denied, 475 U.S. 1057 (1986); see also Enterra Corp. v. SGS Associates, 600 F.Supp. 678, 684-85 (E.D. Pa. 1985) (business judgment standard requires deference to debtor's management absent showing of bad faith, fraud, or gross overreaching).

9. The Debtor intends to file a plan which provides for the assumption of the Lease.

10. As a result, the Debtor, in the exercise of its business judgment, is requesting an extension of the deadline under 11 U.S.C. § 365(d)(4), so that the Debtor will have sufficient

time to complete a thorough and proper evaluation of the Lease before making a decision regarding assumption or rejection.

11. Accordingly, the Debtor submits that the circumstances set forth herein constitute sufficient cause to extend the deadline to assume or reject the Lease for an additional ninety (90) days, through and including November 18, 2025.

## Conclusion

**WHEREFORE**, the Debtor respectfully requests that the Court enter an Order (i) extending the deadline under 11 U.S.C. § 365(d)(4) to assume or reject unexpired leases of non-residential real property through and including November 18, 2025; and (ii) granting such other and further relief as the Court deems just and proper.

Dated: June 30, 2025                     Respectfully submitted,

/s/ *Justin P. Fasano*
McNamee Hosea, P.A.
Justin P. Fasano, Esquire (DC Bar MD21201)
6404 Ivy Lane, Suite 820
Greenbelt, MD 20770
Phone: 301-441-2420
jfasano@mhlawyers.com
*Counsel for Shillings' Cannery, L.L.C.*

**CERTIFICATE OF SERVICE**

I further certify that on June 30, 2025, a copy of the foregoing Motion was served by CM/ECF to all parties receiving notice thereby, including Bradshaw Rost, Esq., counsel for the Landlord.

        /s/ Justin P. Fasano
        Justin P. Fasano